FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**June 11, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ANDREW BARTHOLOMEW,
a/k/a "Pork Chop,"

      Defendant - Appellant.

No. 15-1050
(D.C. No. 1:12-CR-00048-WJM-2)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **GORSUCH**, **MATHESON**, and **MORITZ**, Circuit Judges.
_____

      Pursuant to a plea agreement with an appeal waiver, Andrew Bartholomew

pleaded guilty to conspiracy to distribute and to possess with intent to distribute

280 grams or more of a mixture or substance containing a detectable amount of

cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii) and 846. The

district court sentenced him to the mandatory minimum sentence of 120 months'

imprisonment under 21 U.S.C. § 841(b)(1)(A)(iii). Despite his appeal waiver,

Mr. Bartholomew filed a pro se notice of appeal.

---

[*]     This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The government has moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). In *Hahn*, 359 F.3d at 1325, we held that we would enforce appeal waivers as long as three conditions were met: (1) the matter on appeal "falls within the scope of the waiver"; (2) the defendant-appellant "knowingly and voluntarily waived his appellate rights"; and (3) enforcing the waiver will not "result in a miscarriage of justice."

We appointed counsel to represent Mr. Bartholomew in this matter. Counsel filed a response acknowledging that the first two *Hahn* conditions are satisfied, but arguing that enforcement of Mr. Bartholomew's appeal waiver would result in a miscarriage of justice. Aplt. Resp. at 3-5. He argues that the appeal waiver is "otherwise unlawful" and enforcing it would result in a miscarriage of justice, *see Hahn*, 359 F.3d at 1327, because "the district court committed constitutional error in finding that it must impose the 120-month mandatory minimum sentence as set forth in 21 U.S.C. § 841(b)(1)(A)(iii)." Aplt. Resp. at 4.

Mr. Bartholomew's argument is without merit because he raises a claim of sentencing error rather than a challenge to the appeal waiver. *See United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007). Sentencing error does not make an appeal waiver unlawful. *Id.* "Our inquiry is not whether the sentence is unlawful, but whether the waiver itself is unlawful because of some procedural error or because no waiver is possible." *Id.* We conclude that Mr. Bartholomew has failed to show that enforcement of the appeal waiver would result in a miscarriage of justice.

Our review of the record in this case unequivocally demonstrates that the *Hahn* factors favor enforcing Mr. Bartholomew's waiver of appellate rights. Accordingly, we dismiss the appeal on the basis of *Hahn*.

Entered for the Court
Per Curiam